IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| LAZARO CONTRERAS, #476923, PLAINTIFF, | § § § § | |
| v. | § | CIVIL CASE NO. 3:24-CV-678-K-BK |
| SHERIFF OF ELLIS COUNTY, DEFENDANT. | § § § § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order* 3, this case was referred to the United States magistrate judge for case management, including the issuance of findings and a recommended disposition when appropriate. This action was recently severed from Case Number 3:24-CV-155-K-BK, an action that Plaintiff and four other prisoners filed jointly. Civ. Doc. 12; Doc. 2.[1] As detailed below, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order.

On April 2, 2024, the *Notice and Instruction to Pro Se Party* was returned as undeliverable because Plaintiff was not in custody. Doc. 9. On January 31, 2024, shortly after the joint action was filed, each Plaintiff was advised of the requirement to keep the Court informed of any change of address or risk dismissal of his case for failure to prosecute. Civ. Doc. 4, *Electronic Notice of Judicial Screening and Order*; *see also* Civ. Doc. 2 (same warning in the *Notice and Instruction to Pro Se Party*). Plaintiff has clearly disregarded this requirement.

---

[1] All "Civ. Doc." citations refer to the joint action, No. 3:24-CV-155-K-BK. And all "Doc." citations refer to this case.

Rule 41(b) of the Federal Rules of Civil Procedure allows a court to dismiss an action *sua sponte* for failure to prosecute or for failure to comply with the federal rules or any court order. *Larson v. Scott*, 157 F.3d 1030, 1031 (5th Cir. 1998). "This authority flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co., Ltd.*, 756 F.2d 399, 401 (5th Cir. 1985) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626 (1962)).

Plaintiff has failed to keep the Court apprised of his current address as required by the Court's January 31, 2024 order. Civ. Doc. 4. Thus, this action should be **DISMISSED WITHOUT PREJUDICE** for failure to comply with a court order and for lack of prosecution. *See* Fed. R. Civ. P. 41(b) (an involuntary dismissal "operates as an adjudication on the merits," unless otherwise specified).

**SO RECOMMENDED** on April 4, 2024.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). An objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute,* 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).